Toby KLUMP, Leigh Klump
and Christopher Klump,
Plaintiffs

v.

NAZARETH AREA SCHOOL DISTRICT; Victor J. Lesky, Superintendent; Margaret Grube, Assistant Principal; and Shawn Kimberly Kocher,
Defendants

No. 04–CV–03606.

United States District Court,
E.D. Pennsylvania.

March 30, 2006.

Timothy J. Prendergast, Easton, PA, On behalf of Plaintiffs.

Michael I. Levin, Andria B. Saia, Joshua B. Axelrod, Kristin O. Fromal, Huntingdon Valley, PA, On behalf of Defendants.

## MEMORANDUM

GARDNER, District Judge.

This matter is before the court on Defendants Nazareth Area School District, Victor J. Lesky, Margaret Grube, and Kimberly Kocher's Motion to Dismiss. We also considered Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint and Defendants' Reply Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint. For the reasons expressed below, we grant in part and deny in part defendants' motion to dismiss.

Specifically, we grant defendants' motion to dismiss Counts I and V. We also dismiss defendant Nazareth Area School District from Counts II, III, and X. We dismiss the claim for compensatory and punitive damages from Count VII. We strike all references to 18 Pa.C.S.A. §§ 3926(b), 4120 and 5301 from paragraph 20 of plaintiffs' Complaint. In all other respects, we deny defendants' motion to dismiss.

## SUMMARY OF DECISION

Plaintiffs Toby Klump and Leigh Klump are the parents of plaintiff Christopher Klump, who was a student at Nazareth Area High School, operated by defendant Nazareth Area School District. Defendant Victor J. Lesky is the Superintendent of the school district; defendant Margaret Grube is an Assistant Principal at the high school; and defendant Shawn Kimberly Kocher is a teacher there.

In their First Amended Complaint, plaintiffs allege that Ms. Kocher confiscated Christopher's cell phone because he displayed it during school hours, in violation of a school policy prohibiting the use or display of a cell phone during school. Subsequently Ms. Kocher and Assistant Principal Grube called nine other students listed in Christopher's phone number directory to determine whether they, too, were violating the school's cell phone policy.

The assistant principal and teacher also accessed Christopher's text messages and voice mail. They also held a conversation with Christopher's younger brother by using the cell phone's America Online Instant Messaging feature, without identifying themselves as being anyone other than Christopher.

Plaintiffs filed a ten-count lawsuit against the school district, superintendent, assistant principal and teacher alleging several federal and state claims. Before the court is defendants' motion to dismiss plaintiffs' First Amended Complaint.

Count I is a claim against all defendants under section 5703 of Pennsylvania's Wiretapping and Electronic Surveillance Control Act ("Wiretap Act"), 18 Pa.C.S.A. § 5703, for intercepting and replying to text messages sent to Christopher Klump's cell phone. We grant defendants' motion to dismiss Count I because plaintiffs lack standing to assert a claim under section 5703 of the Wiretap Act. We so hold because that cause of action belongs only to the person with whom the communication originated (anyone who telephoned Christopher and left messages), not with the recipient of those messages (Christopher) or his parents.

Count II is a claim against defendants school district, assistant principal and teacher under section 5741 of the Wiretap Act, 18 Pa.C.S.A. § 5741, based upon defendants' access to Christopher's stored voice mail and text messages. We deny defendants' motion to dismiss Count II because plaintiff Christopher Klump has standing to assert a claim under section 5741 of the Wiretap Act. We so hold because section 5741 suggests that either the sender or recipient has standing. Accordingly, Christopher Klump has standing to assert that claim.

However, we grant defendants' motion to dismiss plaintiffs' claim based on defendants accessing plaintiff's phone number directory and call log because Christopher's phone number directory and call log are not communications. We also grant the motion of defendant school district to dismiss plaintiffs' claims against it because the school district has immunity from the claims in Count II under the Pennsylvania Political Subdivision Tort Claims Act.

In Count III plaintiffs allege that all defendants are liable for invasion of privacy for publishing statements which place Christopher in a false light to his neighbors, classmates, teachers and the community at large by reporting to various news outlets that Christopher was under suspicion of being a drug dealer or otherwise involved in drug use and distribution. Defendants' motion to dismiss Count III as to defendants Grube and Kocher is denied because plaintiffs sufficiently allege that those defendants published statements which placed Christopher in a false light.

Defendant Lesky, as superintendent of the school district, qualifies as a high public official. Notwithstanding the absolute immunity of high public officials under Pennsylvania law from civil suits for damages arising out of false or defamatory statements, we find that plaintiffs might be able to prove a set of facts showing that

Superintendent Lesky is not entitled to claim immunity because he acted outside his authority. For example, plaintiffs contend that defendant Lesky told the press that Christopher Klump was involved in drugs despite knowing this to be false. Therefore, defendants' motion to dismiss Count III as to defendant Lesky is denied.

Finally, we grant defendants' motion to dismiss Count III with respect to the claims against defendant school district. We so hold because the school district is protected by the grant of immunity found in section 8541 of the Pennsylvania Political Subdivision Tort Claims Act, 42 Pa. C.S.A. § 8541.

Count IV alleges defamation based on slander per se against defendant Lesky. Defendants' motion to dismiss Count IV as to defendant Lesky is denied for the same reason that we denied defendants' motion to dismiss Count III as to defendant Lesky. (Plaintiffs might be able to prove a set of facts which would show that Superintendent Lesky is not entitled to claim immunity as a high public official because he acted outside of his authority.)

Count V alleges that defendant school district is liable for the actions of defendant Lesky in committing defamation and slander per se. Defendants' motion to dismiss Count V as to defendant school district is granted for the same reason that we granted defendants' motion to dismiss Count III as to defendant school district. (The school district is protected by the grant of immunity found in section 8541 of the Pennsylvania Political Subdivision Tort Claims Act.)

In Count VI plaintiffs aver that by accessing Christopher Klump's phone number directory, voice mail and text messages, and subsequently using the phone to call individuals listed in the directory, defendants Grube and Kocher violated Christopher's Fourth Amendment right to

be free from unreasonable searches and seizures. Although the meaning of "unreasonable searches and seizures" is different in the school context than elsewhere, it is nonetheless evident that there must be some basis for initiating a search. A reasonable person could not believe otherwise.

Here, according to plaintiffs' allegations, there was no such basis. Accordingly, we deny defendants' motion to dismiss Count VI because defendants Grube and Kocher have not established that they are entitled to qualified immunity.

Count VII alleges that defendants school district, Lesky, Grube and Kocher violated the rights of Christopher Klump to be secure against unreasonable searches and seizures as guaranteed by the Pennsylvania Constitution. We grant defendants' motion to dismiss plaintiffs' claim for compensatory and punitive damages for violating Article I, Section 8 of the Pennsylvania Constitution because Pennsylvania courts have held that no actions for money damages may be brought for violation of the Pennsylvania Constitution. However, we do not dismiss plaintiffs' claims for declaratory and injunctive relief because those claims do not seek monetary damages under the Pennsylvania Constitution.

Count VIII alleges that defendant school district violated plaintiff Christopher Klump's constitutional rights (without clearly stating which particular rights were violated) by failing to implement policies, practices and procedures designed to protect students' rights, and thereby failing to prevent its employees from violating the Fourth Amendment rights of students. It appears that defendants are asserting in Count VIII that because defendant school employees Grube and Kocher are liable for violating Christopher's rights to be secure from unreasonable searches and seizures under both the United States Constitution (Count VI) and the Pennsylvania Constitution (Count VII), that defendant school

district is equally liable for those violations.

We believe that this is sufficient to state a claim in Count VIII. Because Christopher Klump's federal Fourth Amendment claim in Count VI, and part of Christopher's state claim under Article I, Section 8 of the Pennsylvania Constitution, each survived defendants' motion to dismiss, we deny defendants' motion to dismiss this related Count VIII.

In Count IX plaintiffs assert that defendants Grube and Kocher were negligent in using Christopher's cell phone to call other students, access his text messages and voice mail, searching the cell phone directory and providing a baseless justification to Superintendent Lesky for their behavior. We deny defendants' motion to dismiss Count IX because plaintiffs have sufficiently pled a short and plain statement of their negligence claim under the federal notice pleading requirements found at Federal Rule of Civil Procedure 8.

In Count X plaintiffs seek punitive damages from all defendants. We grant defendant school district's motion to dismiss plaintiffs' punitive damages claim because both United States Supreme Court and Supreme Court of Pennsylvania precedents prohibit the assessment of punitive damages against public entities. Therefore, punitive damages are not available against defendant school district under 42 U.S.C. § 1983. However, we deny the motion to dismiss the claim of plaintiffs for punitive damages against the remaining defendants Lesky, Grube and Kocher because there is no such precedent prohibiting the assessment of punitive damages against individual defendants.

Defendants make three additional arguments not tied to any particular count of the First Amended Complaint. First, defendants seek dismissal of this lawsuit against defendant Superintendent of

Schools, defendant Assistant Principal and defendant teacher in their individual capacities because plaintiffs' lawsuit is essentially a suit against the public entity, the Nazareth Area School District.

We disagree because the language of plaintiffs' First Amended Complaint does not indicate that plaintiffs intended to sue the individual defendants in their official capacities. Personal-capacity suits are limited to instances in which the official is acting under color of state law. Here it is sufficiently alleged that the individual defendants were acting under color of state law.

Second, defendants move to dismiss the claims of plaintiffs Toby Klump and Leigh Klump from this suit, arguing that because plaintiff Christopher Klump is an adult, his parents have no standing to assert his substantive rights against defendants. We deny defendants' motion to dismiss because plaintiffs Toby Klump and Leigh Klump are asserting their own substantive rights as owners of Christopher's cell phone and as subscribers to that cell phone's T-mobile service network.

Third, defendants request that we strike plaintiffs' allegations of violations of 18 Pa.C.S.A. §§ 3926(b), 4120 and 5301 from paragraph 20 of the First Amended Complaint. We grant defendants' request because none of the ten counts in plaintiffs' First Amended Complaint refers to these statutes, and no factual basis has been plead for these alleged violations.

## JURISDICTION AND VENUE

Jurisdiction is based upon federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). Venue is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to plaintiffs' claims allegedly occurred in Northampton County, Pennsylvania, which is located in this judicial district.

## FACTS

Based upon the allegations contained in the First Amended Complaint, which we must accept as true for the purposes of this motion, the operative facts are as follows.

The events giving rise to plaintiffs' First Amended Complaint occurred on March 17, 2004. At that time, plaintiff Christopher Klump was a student at Nazareth Area High School.

The high school has a policy which permits students to carry, but not use or display cell phones during school hours. On March 17, 2004 Christopher's cell phone fell out of his pocket and came to rest on his leg. Upon seeing Christopher's cell phone, Shawn Kimberly Kocher, a teacher at the high school, enforced the school policy prohibiting use or display of cell phones by confiscating the phone. These events occurred at approximately 10:15 a.m.

Subsequently, Ms. Kocher, along with Assistant Principal Margaret Grube, began making phone calls with Christopher's cell phone. Ms. Kocher and Ms. Grube called nine other Nazareth Area High School students listed in Christopher's phone number directory to determine whether they, too, were violating the school's cell phone policy.

Next, defendants Kocher and Grube accessed Christopher's text messages and voice mail. Finally, defendants Kocher and Grube held an America Online Instant Messaging conversation with Mr. Klump's younger brother without identifying themselves as being anyone other than the primary user of the cell phone, Christopher Klump.

On March 22, 2004, Christopher Klump's parents, plaintiffs Toby Klump and Leigh Klump, met with Ms. Kocher, Ms. Grube, and Assistant Superintendent Diane Dautrich regarding the events of March 17.

During that meeting, Ms. Grube told Mr. and Mrs. Klump that while she was in possession of their son's phone, Christopher received a text message from his girlfriend requesting that he get her a "f* * *in' tampon".[1] The term "tampon", Ms. Grube later averred, is a reference to a large marijuana cigarette and prompted her subsequent use of the phone to investigate possible drug use at the school.

Based upon the foregoing facts, plaintiffs filed a Complaint in the Northampton County Court of Common Pleas. The lawsuit was removed to federal court by defendants on July 29, 2004. Plaintiffs' First Amended Complaint alleges ten causes of action stemming from the violation of various state and federal protections.

Count I charges defendants Nazareth Area School District, Victor J. Lesky, Margaret Grube and Shawn Kimberly Kocher with violating 18 Pa.C.S.A. § 5703, which prohibits interception, disclosure or use of wire, electronic or oral communications. Count II is also based on the Pennsylvania wiretapping law, and charges defendants school district, Grube, and Kocher with violating 18 Pa.C.S.A. § 5741, which prohibits unlawful access to stored communications.

Counts III, IV, and V raise common-law tort claims. Count III alleges that defendants school district, Lesky, Grube, and Kocher are liable for invasion of privacy on the grounds that they published statements which place plaintiff in a false light. Count IV, against defendant Lesky, asserts a cause of action for defamation based on slander per se.[2] Count V, also based on defamation and slander per se,

alleges that the school district is liable for the actions of defendant Lesky.

Counts VI, VII and VIII assert claims based on rights guaranteed by the United States Constitution and by the Pennsylvania Constitution. Count VI, against defendants Grube and Kocher, alleges violation of plaintiff Christopher Klump's Fourth Amendment right to be free from unreasonable searches and seizures. Count VII alleges that defendants school district, Lesky, Grube and Kocher violated plaintiffs' similar rights to be free from unreasonable searches and seizures under Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania. Count VIII, against the school district, avers a violation of plaintiff Christopher Klump's Fourth Amendment rights, without specifying which particular rights.

Counts IX and X are the only counts joined in by plaintiffs Toby Klump and Leigh Klump. Count IX avers a pendent state cause of action for negligence by defendants Grube and Kocher. Count X asserts a claim for punitive damages against each defendant.

## STANDARD OF REVIEW

Defendants' motion to dismiss is brought pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion requires the court to consider whether a Complaint adequately sets forth a claim upon which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957). In determining the sufficiency of the Complaint, the court must accept all of plaintiffs' well-plead factual allegations as true and draw all reasonable inferences in favor of plaintiffs.

---

**1.** Plaintiffs assert that an examination of the relevant phone records revealed that the text message was not received during Ms. Grube's possession of the phone, but rather was received on March 16, 2004.

**2.** As discussed in the section of this Memorandum on Defamation and Slander at pages 30–31, below, slander per se describes specific types of slander, including false allegations of criminal activity, where special harm to the plaintiff is conclusively presumed and need not be proven.

*Graves v. Lowery,* 117 F.3d 723, 726 (3d Cir.1997).

Further, the Complaint need only put the defendants on notice of the claim being asserted.

> [T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Conley,* 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d at 85. (Footnote omitted.) Thus, a court should not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Graves,* 117 F.3d at 726 (quoting *Conley,* 355 U.S. at 45–46, 78 S.Ct. at 102, 2 L.Ed.2d at 84).

■ In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the Complaint, exhibits attached to the Complaint, matters of public record, and documents that form the basis of the claim. *Lum v. Bank of America,* 361 F.3d 217, 222 (3d Cir.2004).

### DISCUSSION

#### Interception of Oral Communications

In Count I, plaintiffs aver that defendants violated 18 Pa.C.S.A. § 5703 by intercepting and replying to text messages sent to Christopher Klump's cellular telephone and by accessing stored text messages and voice mail messages.[3] The statutory provision cited by plaintiffs prohibits any interception, disclosure or use of wire, electronic or oral communications. Violation of this provision constitutes a third degree felony.

Plaintiffs derive a cause of action from 18 Pa.C.S.A. § 5725, which provides that any person "whose wire, electronic or oral communication is intercepted, disclosed or used in violation of this chapter shall have a civil cause of action...." 18 Pa.C.S.A. § 5725(a).

■ Defendants argue that Christopher Klump lacks standing to raise a claim pursuant to 18 Pa.C.S.A. § 5725.[4] Defendants contend that the language of the statute provides for a remedy only for individuals whose communications were intercepted. Defendants further contend that plaintiff Christopher Klump's claim fails because the communications were not "intercepted" within the meaning of this term given by the Pennsylvania Wiretap Act.[5]

Plaintiffs respond by arguing that they "clearly have standing under 18 Pa.C.S.A. § 5703 to bring this action." They argue that defendants' interpretation of the Pennsylvania Wiretap Act is in direct conflict with the definition of "intercept" provided in the act.[6]

---

3. We note that access to stored text messages and voice mail messages is more properly addressed under 18 Pa.C.S.A. § 5741. Any violation of section 5703 requires that an interception have occurred. An action for disclosure or use may only succeed if the person disclosing or using the information did so "knowing or having reason to know that the information was obtained through the interception of a wire, electronic or oral communication". 18 Pa.C.S.A. § 5703. Plaintiff has not alleged that the stored text messages and voice mail messages were intercepted. Ac-

cordingly, we will address these claims under Count II.

4. Defendants Nazareth Area School District, Victor J. Lesky, Margaret Grube, and Kimberly Kocher's Motion to Dismiss ("Motion to Dismiss") at page 3.

5. Motion to Dismiss at pages 3, 5–12.

6. Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint ("Plaintiffs' Memorandum") at page 4.

Plaintiffs argue that the statutory definition of "intercept" has no requirement that the communications originate with the individual asserting a claim. Plaintiffs cite 18 Pa.C.S.A. § 5702, which defines "intercept" as "aural or other acquisition of the contents of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." [7]

We conclude that plaintiff lacks standing to assert a claim under the Pennsylvania Wiretap Act. We find that the plain language of the act provides a cause of action only to a "person whose wire, electronic or oral communication is intercepted, disclosed or used". 18 Pa.C.S.A. § 5725. We agree with defendants that this language clearly suggests that the cause of action belongs to the person with whom the communication originated, not the recipient. Plaintiffs' argument to the contrary is unpersuasive.

The United States Court of Appeals for the Third Circuit has adopted the following test for a plaintiff to establish a prima facie case under section 5725:

(1) that he engaged in [an oral] communication;

(2) that he possessed an expectation that the communication would not be intercepted;

(3) that his expectation was justifiable under the circumstances; and

(4) that the defendant attempted to, or successfully intercepted the communication, or encouraged another to do so.

*Kline v. Security Guards, Inc.*, 386 F.3d 246, 257 (3d Cir.2004) (quoting *Agnew v. Dupler*, 553 Pa. 33, 37, 717 A.2d 519, 522 (1998)).

■ Any doubt as to whether the communication must originate with the section 5725 plaintiff is resolved by this test. A claimant must demonstrate "that he engaged in [a] communication". The intended recipient of an intercepted communication, therefore, has no standing to raise claim under section 5725.

Here, the allegedly intercepted communications were sent *to* Christopher Klump. Therefore, Christopher's claim under 18 Pa.C.S.A. § 5725 must fail because he cannot meet the first requirement of a prima facie case. He did not "engage in [a] communication." *See Kline,* 386 F.3d at 257. Accordingly, we dismiss Count I of plaintiffs' First Amended Complaint.

*Accessing Stored Communications*

In Count II, plaintiffs aver that defendants school district, Grube and Kocher violated 18 Pa.C.S.A. § 5741, which prohibits unlawful access to stored communications. Plaintiffs aver that defendants Grube and Kocher accessed Christopher Klump's stored text messages, stored phone numbers, and call records.[8] These actions, plaintiffs assert, are prohibited by 18 U.S.C. § 5741, which provides that

it is an offense to obtain, alter, or prevent authorized access to a wire or electronic communication while it is in electronic storage by intentionally: (1) accessing without authorization a facility through which an electronic communication service is provided; or (2) exceeding the scope of one's authorization to access the facility.

18 Pa.C.S.A. § 5741. Plaintiffs have a cause of action for violation of this statute under 18 Pa.C.S.A. § 5747.

---

**7.** Plaintiffs' Memorandum at page 5.

**8.** Although plaintiffs raise the issue of access to stored voice mail messages under Count I, we will address that claim here. We note that in plaintiffs' memorandum of law in opposition, plaintiffs do address voice mail as being part of their claim in Count II. (Plaintiffs' Memorandum at page 11.)

In their motion to dismiss, defendants reassert their previously-made standing argument. In addition, they argue that a cell phone does not constitute a "facility through which an electronic communications service is provided". They also argue that neither Christopher's stored phone numbers nor his call records constitute "communications" within the meaning of the statute.[9] Plaintiffs respond by asserting, without support, that "it is obvious that the Legislature has contemplated that telephones, including cellular telephones, are communication facilities". Plaintiffs elaborate by explaining that cellular phones must be communication facilities "because by definition they facilitate communication".[10]

Plaintiffs further state that phone directories are electronic communications under 18 Pa.C.S.A. § 5741. They support this contention by asserting that phone directories may be created based upon a cell phone's caller-identification system rather than by user input.[11]

■■■ Initially, we note that defendant's standing argument is less persuasive in the context of section 5741 than in the context of section 5703. The statutory language reflects this distinction. While section 5725 provides a cause of action to the "person whose wire, electronic, or oral communication is intercepted," section 5741 suggests that either the sender or recipient has standing. Specifically, section 5741 provides that no offense will be found where access is authorized "by a user of that service with respect to a communication of or intended for that user". 18 Pa.C.S.A. § 5741(c)(2). Accordingly,

plaintiff Christopher Klump has standing to assert the instant claim. Regarding plaintiffs' claim that Christopher's call log and phone number directory are "communications" under Section 5741, we find defendant's argument more persuasive. Caller identification systems do, as plaintiffs allege, record the phone number from which a call originates. However, this information is not a communication.

We find support for this position in the definitions contained in 18 Pa.C.S.A. § 5702. There, the legislature provides that the term "electronic communication" excludes "any Communication made through a tone-only paging device." 18 Pa.C.S.A. § 5702.

Caller identification on a cellular phone is similar to the function of a paging device: it records the identity of the caller, but does not allow for the communication of any information. Accordingly, we agree with defendants with respect to plaintiffs' claim based on Christopher's phone number directory and call log.

■■■ We find, however, that plaintiffs may nonetheless be able to prove a violation of section 5741 on the basis of defendants Grube and Kocher's access to plaintiff Christopher Klump's stored voice mail and text messages. Although we find portions of defendants' argument regarding the definition of the term "facility" to be more persuasive than plaintiffs', we note that defendants concede that telephone systems constitute facilities under this statutory provision.[12]

Christopher Klump's voice mail, at least, would have been stored by his cell phone

---

9. Motion to Dismiss at pages 12–13.

10. Plaintiffs' Memorandum at page 10.

11. Plaintiffs' Memorandum at pages 11 and 12.

12. Motion to Dismiss at page 13.

We decline to make any finding at this time as to the proper limits of the term "facility." We simply note that, even under defendant's more restrictive definition of the term, plaintiffs have a claim that survives a 12(b)(6) motion.

provider and not in the cell phone itself. Accordingly, we believe that there may be facts which, proven by plaintiff, could support a claim under 18 Pa.C.S.A. § 5741.

For all the foregoing reasons, we deny defendants' motion to dismiss Count II of plaintiffs' Complaint against defendants Grube and Kocher for unlawful access to stored voice mail and text message communications. We grant defendants' motion to dismiss plaintiffs' claim for unlawful access to plaintiff's phone number directory and call log. For the reasons expressed in the discussion of invasion of privacy, below, we also grant the motion of defendant school district to dismiss plaintiffs' claims against it because the school district has immunity from the claims in Count II under the Tort Claims Act.

### Invasion of Privacy

Count III of plaintiffs' Complaint alleges a cause of action against all of the defendants for the tort of invasion of privacy. Plaintiffs aver that defendants published statements which placed plaintiff in a false light when they reported to various news outlets that plaintiff Christopher Klump was under suspicion of being a drug dealer or otherwise involved in drug use and distribution. In addition, plaintiffs contend that defendants falsely presented plaintiff Christopher Klump to his neighbors, classmates, teachers and the community at large as being a drug user or dealer.[13]

Defendants argue that the school district is immune from tort liability under the Political Subdivision Tort Claims Act ("Tort Claims Act"), 42 Pa.C.S.A. § 8541. Defendants also argue that the Tort Claims Act protects the school district from liability under the Pennsylvania Wiretap Act.[14]

Moreover, defendants argue that defendant Lesky is protected by the doctrine of "high-public-official immunity." With respect to defendants Grube and Kocher, defendants assert that plaintiffs have failed to allege that either of them had any contact with the media, or otherwise placed plaintiff Christopher Klump in a false light.[15]

Plaintiffs agree that the school district, as a local governmental agency, is generally immune from tort liability but argue that a statutory exception to the general rule of immunity applies in this case. Plaintiffs aver that the invasion of privacy cause of action arose from negligent actions of defendants and therefore should be excepted from the immunity grant of 42 Pa.C.S.A. § 8541.[16]

Specifically, plaintiffs argue that the Tort Claims Act's exception to immunity for negligence in care, custody or control of private property applies here.[17] Plaintiffs further contend that the same exception applies to Counts I and II and allows them to proceed against the school district on their Pennsylvania Wiretap Act claims.[18]

Plaintiffs also argue that 18 Pa.C.S.A. § 5725(b) waives sovereign immunity, allowing suits against the school district.

13. First Amended Complaint at paragraph 48.

14. Motion to Dismiss at pages 16 and 21.

15. Motion to Dismiss at pages 22 and 23.

16. Plaintiffs' Memorandum at pages 13 and 15.

17. Defendants point out that plaintiffs incorrectly cite 42 Pa.C.S.A. § 8542(b)(8), which applies to the care, custody or control of animals. Defendants' Reply Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint at 6. We believe, given the context of plaintiffs' citation, that this is merely a typographical error, and that plaintiffs intended to cite 42 Pa.C.S.A. § 8542(b)(2).

18. Plaintiffs' Memorandum at 13 and 14.

Further, plaintiffs argue that section 5747 should contain a similar waiver, but through an unintended omission does not.[19]

With respect to defendant Lesky's immunity as a high public official, plaintiffs argue that the law is not settled as to whether section 8550 of the Tort Claims Act abrogates the absolute immunity of high public officials.[20] Plaintiffs make no argument regarding their failure to aver any actions by defendants Grube and Kocher in relation to Count III.

■■ We begin by noting that a cause of action based on invasion of privacy by false light may be brought in response to "publicity that unreasonably places [the plaintiff] in false light before the public." *Strickland v. University of Scranton*, 700 A.2d 979, 987 (Pa.Super.1997)(quoting *Curran v. Children's Service Center of Wyoming County, Inc.*, 396 Pa.Super. 29, 38, 578 A.2d 8, 12 (1990)). A plaintiff must allege "a major misrepresentation of a person's character, history, activities or beliefs ... that could reasonably be expected to cause a reasonable man to take serious offense." *Rush v. Philadelphia Newspapers, Inc.*, 732 A.2d 648, 654 (Pa.Super.1999).

The Political Subdivision Tort Claims Act provides local agencies with a general grant of immunity against tort actions. The Tort Claims Act states that "[e]xcept as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee". 42 Pa. C.S.A. § 8541.

Section 8542 provides a list of circumstances under which local agencies are not shielded from tort liability. Each of these circumstances requires that "[t]he injury was caused by the negligent acts of the local agency of an employee thereof acting within the scope of his office or duties". 42 Pa.C.S.A. § 8542(a)(2).

■ With respect to Count III's charge of invasion of privacy by false light against defendant school district, we find that the school district is protected by the grant of immunity in 42 Pa.C.S.A. § 8541. We find that section 8541 applies to defendant school district because school districts are local agencies entitled to protection under this provision. *See, e.g., Joyner v. School District of Philadelphia*, 313 F.Supp.2d 495, 504 (E.D.Pa.2004).

■ Further, we find that none of the exceptions in 42 Pa.C.S. § 8542 apply in this case because the actions alleged are intentional rather than negligent. The exceptions in section 8542 apply only where "[t]he injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties". 42 Pa.C.S.A. § 8542(a)(2).

Here, plaintiffs allege that defendant Lesky "intentionally and knowingly" misrepresented Christopher Klump to his classmates. Plaintiffs also allege that Mr. Lesky confirmed that an investigation of Christopher for drug dealing and drug use was ongoing by The Morning Call newspaper in Allentown and NBC television channel 10 in Philadelphia.[21]

Given the intentional acts alleged, it is not possible to apply any of the exceptions contained in section 8542. We decline to import the negligence averred in the misuse of Christopher's cell phone into Count III, as requested by plaintiffs, because the negligent misuse of plaintiff Christopher's

---

**19.** Plaintiffs' Memorandum at pages 19 and 21.

**20.** Plaintiffs' Memorandum at page 15.

**21.** First Amended Complaint at paragraphs 49 and 51.

phone did not give rise to his invasion of privacy claim. Accordingly, we grant defendants' motion to dismiss plaintiffs' First Amended Complaint with respect to the claims against defendant school district in Count III.

■ With respect to defendant school district's immunity for violations of the Pennsylvania Wiretap Act by its employees, we find that the exceptions to the general grant of immunity by the Tort Claims Act do not apply. Each of the possible violations of section 5703, as well as violation of section 5741, requires that a person act intentionally. Accordingly, the exceptions to immunity under section 8542 for negligent acts falling into one of the listed categories cannot apply.

■ In addition, we find that the waiver of sovereign immunity contained in section 5725(b) is not effective as to defendant school district. The school district does not have sovereign immunity to waive. In *Lester H. v. Gilhool*, 916 F.2d 865, 870–871 (3d Cir.1990) the United States Court of Appeals for the Third Circuit found that school districts in Pennsylvania are not alter egos of the state and therefore are not entitled to sovereign immunity. Accordingly, defendant school district retains its Tort Claims Act immunity under section 8541 and cannot be included in Count II of plaintiffs' Complaint. Thus, we dismiss defendant school district only from Count II and not from Count III.

*High–Public–Official Immunity*

Next we consider whether defendant Lesky enjoys absolute immunity as a high public official against the claims made by plaintiffs in Count III. We note, first, that both parties agree that defendant Lesky, as superintendent, qualifies as a high public official. *See also, Smith v. School District of Philadelphia*, 112 F.Supp.2d 417, 425 (E.D.Pa.2000).

■ Pennsylvania's doctrine of absolute privilege for high public officials, where it applies, protects an individual from "all civil suits for damages arising out of false or defamatory statements and even from statements or actions motivated by malice, provided the statements are made or the actions are taken in the course of the official's duties or powers and within the scope of his authority." *Lindner v. Mollan*, 544 Pa. 487, 490, 677 A.2d 1194, 1195 (1996) (quoting *Matson v. Margiotti*, 371 Pa. 188, 193–194, 88 A.2d 892, 895 (1952)).

■ The case law in this area is settled. The Supreme Court of Pennsylvania has held that the doctrine of absolute immunity for high public officials remains the law in Pennsylvania.[22] *Lindner*, 544 Pa. at 491, 677 A.2d at 1196. Section 8550 of the Pennsylvania Tort Claims Act provides that immunity under that act does not extend to willful misconduct of a local agency's employees.

The Tort Claims Act did not abrogate the protections afforded by the doctrine of immunity for high public officials. *Lind-*

---

**22.** Both parties acknowledge that the Supreme Court of Pennsylvania is the final authority in interpreting Pennsylvania law. *Connecticut Mutual Life Insurance Co. v. Wyman*, 718 F.2d 63, 65 (3d Cir.1983). A district court ruling in the absence of a decision by the Supreme Court of Pennsylvania may speculate as to how that court would interpret the law. If there is a state Supreme Court decision on point, however, district courts are bound to adopt that interpretation. Accordingly, there is no split, as plaintiffs allege, between the federal cases decided prior to *Lindner* and *Lindner* itself. Rather, the prior decisions incorrectly predicted the Supreme Court of Pennsylvania's interpretation. We are bound by *Lindner*.

*ner*, 544 Pa. at 491, 677 A.2d at 1196. However, to qualify for immunity under this doctrine, defendant Lesky must demonstrate that his actions were taken within his authority as superintendent. *See Lindner*, 544 Pa. at 497, 677 A.2d at 1199.

■ In this case, notwithstanding the absolute immunity of high public officials, we find that plaintiffs might be able to prove a set of facts which would show that defendant Lesky is not entitled to claim immunity because he acted outside of his authority.[23] Accordingly, defendant's motion to dismiss Count III as to defendant Lesky is denied.

■ With respect to application of Count III against defendants Grube and Kocher, we find that plaintiffs have averred sufficient facts to survive a motion to dismiss. Although plaintiffs do not outline the acts of either defendant Grube or Kocher with specificity, plaintiffs do allege that each of these women published statements which placed plaintiff Christopher Klump in a false light.[24] This is all that is required of plaintiffs pursuant to Rule 8 of the Federal Rules of Civil Procedure. Accordingly, defendants' motion to dismiss Count III as to defendants Grube and Kocher is denied.

### Defamation and Slander

Counts IV and V allege defamation and slander per se against defendants Lesky and the Nazareth Area School District, respectively. The parties' arguments on these counts are set out in our discussion of high-public-official immunity at page 28, above. That is, defendants assert that defendant Lesky is protected by high-public-official immunity and that the school district is protected by the general immu-

nity grant to local agencies under 42 Pa. C.S.A. § 8541. Plaintiffs contend that neither defendant Lesky nor the school district has immunity.

■ To establish defamation, plaintiffs must prove the following factors:

(1) the defamatory character of the communication;

(2) publication by the defendant;

(3) its application to the plaintiff;

(4) understanding by the recipient of its defamatory meaning;

(5) understanding by the recipient of it as intended to be applied to plaintiff;

(6) special harm to the plaintiff; [and]

(7) abuse of a conditionally privileged occasion.

*Rush*, 732 A.2d at 651–652.

■ Slander per se, which plaintiffs allege, allows them to prevail in a defamation claim without proving special harm as part of the test outlined above (factor (6)). *Clemente v. Espinosa*, 749 F.Supp. 672, 677 (E.D.Pa.1990). There are four categories of spoken words which constitute slander per se: criminal activity, loathsome disease, business misconduct and serious sexual misconduct. *Clemente, supra.* Because plaintiffs allege that defendant Superintendent Lesky publically accused plaintiff Christopher Klump of illegal criminal drug activity, his words constitute slander per se.

For the reasons stated above in our analysis of invasion of privacy (Count III), we deny defendants' motion to dismiss Count IV and grant their motion to dismiss Count V.

---

**23.** For example, plaintiffs contend that Superintendent Lesky told the press that Christopher Klump was involved in drugs, despite knowing this to be false. Plaintiffs also claim that Mr. Lesky said, "I can't remember my girlfriend ever asking for a tampon", which could be interpreted as outside of his duties.

**24.** First Amended Complaint at paragraph 48.

*Search and Seizure by Defendants Grube and Kocher*

In Count VI, plaintiffs assert a violation of Christopher Klump's Fourth Amendment rights by defendants Grube and Kocher. Plaintiffs aver that by accessing Christopher's phone number directory, voice mail, and text messages, and subsequently using the phone to call individuals listed in the directory, defendants Grube and Kocher violated Christopher's Fourth Amendment right to be free from unreasonable searches and seizures. In addition, plaintiffs assert that defendants are liable for damages pursuant to 42 U.S.C. § 1983.[25]

Defendants aver that plaintiffs cannot prevail on their Fourth Amendment claim because the search was justified at its inception and was reasonable in scope. Defendants further argue that plaintiffs fail to meet the heightened pleading standard required by the Third Circuit for violations of civil rights claimed against a public official. Finally, defendants argue that defendants Grube and Kocher are entitled to qualified immunity from section 1983 claims unless plaintiffs can prove that these defendants violated a clearly-established constitutional right and that a reasonable person in the same position would have known that their conduct violated a constitutional right.[26]

Plaintiffs dispute defendants' assertion that the search was justified at its inception, arguing that there were no exigent circumstances justifying defendants' search. Plaintiffs also argue that their factual averments regarding defendants' search of plaintiff Christopher Klump's cell phone adequately detail defendants' misconduct. Finally, plaintiffs argue that defendants Grube and Kocher knew or should have known that their search was unconstitutional. Plaintiffs aver that knowledge of the improper nature of their actions is evidenced by the fact that Ms. Grube and Ms. Kocher deleted the messages and phone calls they made from the cell phone's memory card.[27]

Initially, the parties disagree whether the text message from Christopher's girlfriend was received while defendants were in possession of the phone, as averred by defendants, or was discovered only after defendants had accessed Christopher's stored text messages, as plaintiffs contend. Therefore, plaintiffs dispute the factual premise by which defendants reach their conclusion that the search was justified at its inception.

In deciding a 12(b)(6) motion, we must accept all of the allegations of plaintiffs as true and draw all reasonable inferences in favor of plaintiffs. Regardless of the persuasiveness of defendants' analysis, we cannot rely on their factual summary, which differs materially from plaintiffs'.

Regarding defendants' allegation concerning the Third Circuit's heightened pleading standard, we note that the United States Supreme Court struck down the more stringent pleading standard previously applied in section 1983 cases by the Fifth Circuit. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517, 522 (1993).

Although *Leatherman* involved a heightened pleading standard in the context of section 1983 claims against municipalities,

---

**25.** First Amended Complaint at paragraphs 88 and 89.

**26.** Motion to Dismiss at pages 26–28 (citing *New Jersey v. T.L.O.,* 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985)).

**27.** Plaintiffs' Memorandum at pages 26–27, 30.

the Third Circuit has applied *Leatherman's* reasoning in different contexts. The Third Circuit has stated that "such impatience with notice pleading embodied in the Federal Rules is foreclosed by the Supreme Court's decision in *Leatherman*". *Brader v. Allegheny General Hospital*, 64 F.3d 869, 876–877 (3d Cir.1995).

A complaint is sufficient if it satisfies Rule 8 of the Federal Rules of Civil Procedure because "no more is required of a plaintiff in § 1983 cases". *Abbott v. Latshaw*, 164 F.3d 141, 148 (3d Cir.1998). Accordingly, we will not apply the heightened pleading standard argued by defendants here.

### Qualified Immunity

Finally, with respect to defendants' claims regarding qualified immunity, we find that, given the facts alleged by plaintiffs, it is not beyond doubt that defendants Grube and Kocher are entitled to qualified immunity on plaintiffs' Fourth Amendment claim.

Qualified immunity shields state officials performing discretionary functions from federal suits alleging violation of a constitutional right, provided that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *DeBellis v. Kulp*, 166 F.Supp.2d 255 (E.D.Pa.2001). Therefore, each defendant would be entitled to qualified immunity unless she violated a clearly established constitutional right of plaintiff Christopher Klump.

In other words, there is a two-part test. If the defendants did not violate a constitutional right, they will have qualified immunity. Further, even if the defendants did violate Christopher Klump's constitutional rights, they would have qualified immunity if the constitutional right were not clearly established. The dispositive inquiry is whether it would be clear to a reasonable person that his conduct was unlawful in the situation he confronted. *Debellis, supra.*

Although students are protected by the Fourth Amendment, the probable cause requirement does not apply to students at school. *New Jersey v. T.L.O.*, 469 U.S. 325, 341, 105 S.Ct. 733, 742–743, 83 L.Ed.2d 720, 734 (1985). The Supreme Court has held that a student search must nevertheless satisfy the reasonableness requirement of the Fourth Amendment. In the context of searches conducted by school officials, this means that the search must be justified at its inception and reasonable in scope. *T.L.O., supra.* To be justified at its inception, there must be "reasonable grounds for believing that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school." *T.L.O.*, 469 U.S. at 341–342, 105 S.Ct. at 743, 83 L.Ed.2d at 735.

Here, defendant Kocher was justified in seizing the cell phone, as plaintiff Christopher Klump had violated the school's policy prohibiting use or display of cell phones during school hours. In calling other students, however, defendants Grube and Kocher were conducting a search to find evidence of *other students'* misconduct, which they may not do under the standard articulated above. They had no reason to suspect at the outset that such a search would reveal that Christopher Klump himself was violating another school policy; rather, they hoped to utilize his phone as a tool to catch other students' violations.

Further, we must accept plaintiffs' allegation that the school officials did not see the allegedly drug-related text message until after they initiated the search of Christopher's cell phone. Accordingly, based upon the averments of the Complaint, which we must accept as true at

this stage, there was no justification for the school officials to search Christopher's phone for evidence of drug activity.

 Moreover, the law in this area is not as unsettled as defendants suggest. It is clear, based on the case law cited by defendants, that students have a Fourth Amendment right to be free from unreasonable searches and seizures by school officials. *T.L.O.*, 469 U.S. at 333, 105 S.Ct. at 733, 83 L.Ed.2d at 728. Although the meaning of "unreasonable searches and seizures" is different in the school context than elsewhere, it is nonetheless evident that there must be some basis for initiating a search. A reasonable person could not believe otherwise. Accordingly, we deny defendants' motion to dismiss Count VI against defendants Grube and Kocher on the basis of qualified immunity.

### Pennsylvania Constitution

In Count VII, plaintiffs allege a violation of Article I, Section 8 of the Constitution of the Commonwealth of Pennsylvania. Specifically, plaintiffs assert that defendants school district, Lesky, Grube and Kocher violated Christopher Klump's right to be secure against unreasonable searches and seizures, as guaranteed by the Pennsylvania constitution.[28]

Defendants argue that Christopher's Pennsylvania Constitutional claims must fail to the same extent that his Federal Constitutional claims must fail. Defendants also aver that Christopher cannot

recover monetary damages, as requested in paragraph 95 of the First Amended Complaint, because both federal and state courts have held that no action for monetary damages may be brought pursuant to the Pennsylvania Constitution.[29]

In response, plaintiffs assert that the Pennsylvania Constitution provides a higher level of protection against unreasonable search and seizure than does the federal Fourth Amendment. Plaintiffs also argue that because there is no case law abrogating an individual's right to recover monetary damages pursuant to the Pennsylvania Constitution, their claim should survive defendant's motion to dismiss.[30]

Regarding defendant's argument that the Pennsylvania Constitution provides a higher level of protection, we note that plaintiffs' Fourth Amendment claim has not been dismissed. Accordingly, for the reasons stated in the analysis above, we decline to dismiss plaintiffs' claim under Article I, Section 8 of the Pennsylvania Constitution.[31]

 We find in favor of defendants on the issue of whether plaintiffs' claim for monetary damages should be dismissed. In a case cited by defendants in their reply brief, the Commonwealth Court of Pennsylvania declined to create a cause of action for monetary damages for violation of the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa. Commw.2006).

---

**28.** See First Amended Complaint, paragraph 93.

**29.** Motion to Dismiss at page 35; Defendants' Reply Brief at page 6.

**30.** Plaintiffs' Memorandum at pages 27, 28.

**31.** Whether, as plaintiffs assert, the Pennsylvania Constitution provides more protection against unreasonable search and seizure than the Federal Constitution is a difficult ques-

tion. The Commonwealth Court of Pennsylvania has carefully examined this issue and determined that Article I, Section 8 provides expanded protection in some instances, particularly where application of the exclusionary rule is involved. *Jones v. City of Philadelphia*, 890 A.2d 1188 (Pa.Commw.2006). Because we denied defendants' motion to dismiss plaintiffs' Fourth Amendment claim, we decline to make this determination at present.

The Commonwealth Court based its decision, in part, on the fact that the plaintiff in that case would have an alternative remedy under section 1983. *Jones,* 890 A.2d at 1216. Here, plaintiffs also have a remedy pursuant to 42 U.S.C. § 1983. We will not create a new judicial remedy which the Pennsylvania courts themselves have declined to recognize under similar circumstances. *Accord, Ryan v. General Machine Products,* 277 F.Supp.2d 585, 595 (E.D.Pa.2003).

Accordingly, we dismiss plaintiffs' claim for compensatory and punitive damages for violation of Article I, Section 8 of the Pennsylvania Constitution. However, we do not dismiss plaintiffs' claims for declaratory and injunctive relief in this count because those claims do not seek monetary damages for violation of the Pennsylvania Constitution.

*Search and Seizure by Defendant Nazareth Area School District*

Count VIII of plaintiffs' First Amended Complaint alleges that defendant Nazareth Area School District violated plaintiff Christopher Klump's "constitutional rights", without clearly specifying which particular rights were violated. Plaintiffs aver that defendant school district was grossly negligent and deliberately indifferent in failing to prevent its employees from violating students' Fourth Amendment rights by implementing policies, practices and procedures designed to protect students' rights.[32]

Defendants aver that this count cannot be sustained if there was no violation of

Christopher's constitutional rights by the individual defendants.[33] We were unable to find a response to this averment in plaintiffs' memorandum of law.

■■■ Although paragraphs 100, 101 and 102 of plaintiffs' First Amended Complaint are not particularly clear, it appears that plaintiffs are asserting in these paragraphs that because the defendant school employees Grube and Kocher are liable for violating Christopher Klump's rights to be secure from unreasonable searches and seizures under both the United States Constitution (Count VI) and the Pennsylvania Constitution (Count VII), defendant school district is equally liable for those violations.

We believe that this is sufficient to state a claim in Count VIII. Because Christopher Klump's federal Fourth Amendment claim in Count VI, and part of Christopher's state claim under Article I, Section 8 of the Pennsylvania Constitution, each survived defendants' motion to dismiss, we will not dismiss this related Count VIII. Defendants can flesh out any additional details in discovery.

*Negligence*

■■■ Count IX asserts a pendent state cause of action for negligence against defendants Grube and Kocher. Specifically, plaintiffs allege that defendants were negligent in using Christopher Klump's cell phone to call other students, accessing his text messages and voice mail, searching the phone directory and providing a baseless justification to Superintendent Lesky for their behavior.[34]

---

**32.** First Amended Complaint at paragraphs 99, 101.

In this count, plaintiffs state that "As a consequence of the actions/omissions of the School District afore described, Christopher Klump's federal constitutional rights were violated as described in Count IV of this Complaint." (First Amended Complaint, paragraph 100.) Because Count IV alleges defamation, we will assume that plaintiffs

meant to refer to Count VI, which alleges violation of plaintiff student's Fourth Amendment right to be free from unreasonable searches and seizures.

**33.** Motion to Dismiss at page 34.

**34.** First Amended Complaint at paragraph 105.

Defendants aver that plaintiffs' negligence claim must fail because plaintiffs do not plead the elements of a negligence claim. Defendants also argue that plaintiffs may not support their negligence claim with allegations of intentional acts.[35] We found no response to these points in plaintiffs' memorandum of law in opposition.

Plaintiffs are not required to plead each element of their claim with specificity. Under Rule 8 of the Federal Rules of Civil Procedure, plaintiffs need only provide "a short and plain statement of the claim" that gives defendants notice of the nature of the claim and the grounds upon which it rests. *Conley,* 355 U.S. at 47, 78 S.Ct. at 103, 2 L.Ed.2d at 85. Accordingly, we will not dismiss plaintiffs' negligence claim for failing to set out the requisite elements. The details can be fleshed out in discovery.

■ We disagree with defendants' unsupported claim that "[i]t is beyond purview that intentional acts cannot be the basis for a claim for negligence." [36] Intentional acts might serve as the basis for negligence claims in a variety of situations. On this point, the Third Circuit has said that "intentional or reckless behavior is often relevant to showing conduct below the reasonable standard of care necessary to make out a case of negligence." *In re Diet Drugs,* 369 F.3d 293, 312 (3d Cir. 2004). Accordingly, we cannot say that the intentional acts alleged by plaintiffs in their Complaint are incapable of supporting a state-law claim for negligence. Therefore, defendants' motion to dismiss as to this count is denied.

### Punitive Damages

Count X seeks punitive damages from the school district and from each individual defendant. Plaintiffs claim that the alleged actions of defendants "constitute malicious, willful, wonton [sic] and/or reckless conduct." [37]

■ Defendants aver that punitive damages are not available against defendant school district under 42 U.S.C. § 1983. Defendants argue that both United States Supreme Court and Supreme Court of Pennsylvania precedent prohibit the assessment of punitive damages against public entities.[38] Plaintiffs' memorandum of law does not address this argument.

We agree with defendants' argument. The United States Supreme Court has stated that "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials." *Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271, 101 S.Ct. 2748, 2762, 69 L.Ed.2d 616, 635 (1981). The United States Court of Appeals for the Third Circuit has applied *Newport* in the context of a suit against the Southeastern Pennsylvania Transportation Authority. Applying the same rationale, the Third Circuit concluded that punitive damages would be ineffective as punishment or deterrence and would instead impose the cost of wrongdoing by individuals on the public at large. *Bolden v. Southeastern Pennsylvania Transportation Authority,* 953 F.2d 807, 830–831 (3d Cir.1991).

We find that punitive damages against defendant school district would be equally inappropriate. Accordingly, we grant defendants' motion to dismiss Count X as it applies to the school district.

---

**35.** Motion to Dismiss at page 24.

**36.** *Id.*

**37.** First Amended Complaint at paragraph 110.

**38.** Motion to Dismiss at page 37.

*Defendants' Additional Arguments*

Defendants make three additional arguments which are not tied to any particular count of the First Amended Complaint. First, defendants argue that suits against individual defendants acting in their official capacity must fail because they are essentially suits against the public entity, Nazareth Area School District. Defendants also contend that plaintiffs Toby Klump and Leigh Klump have not asserted any cognizable claim for damages. Therefore, defendants seek to dismiss all claims of those plaintiffs. Finally, defendants assert that plaintiffs have failed to allege a cause of action under 18 Pa.C.S.A. §§ 3926(b), 5301 or 4120. Defendants argue that plaintiffs' allegations of violation of these statutes are unsupported by any facts or claims. Therefore defendants seek to strike these allegations from plaintiffs' First Amended Complaint.[39]

*Official Capacity Suit*

As indicated above, defendants seek dismissal of this lawsuit against defendant Superintendent of Schools, defendant Assistant Principal and defendant teacher in their individual capacities because plaintiffs' lawsuit is essentially a suit against the public entity, the Nazareth Area School District. For the following reasons, we disagree.

Defendants cite paragraph 8 of the First Amended Complaint in drawing the opposite conclusion.[40] Paragraph 8 of the First Amended Complaint states that "At all times relevant hereto, Victor J. Lesky, Margaret Grube and Shawn Kimberly Kocher were employees, agents, representatives, servers [sic], workmen of Nazareth Area School District acting within the scope of their employment and were agents of the Nazareth Area School District." We do not believe that this language definitively indicates that plaintiffs intended to sue the individual defendants in their official capacities.

A personal-capacity suit against a government official seeks to impose liability for actions taken by that official under color of state law. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985). An official-capacity suit, in contrast, is effectively an action against the government entity itself. To prevail in an official-capacity suit, a plaintiff must demonstrate that the entity was the "moving force" behind the officer's actions. In general, this is accomplished through demonstration of the entity's policy or custom. *Kentucky v. Graham*, 473 U.S. at 165–166, 105 S.Ct. at 3099, 3105, 87 L.Ed.2d at 121–122.

Regarding the distinction between personal-capacity and official-capacity suits, we note that personal-capacity suits under § 1983 are not limited to government officials who are acting on a "lark" or outside the scope of their duties. Personal-capacity suits, in fact, could not be brought in response to such behavior because personal-capacity suits are limited to instances in which the official is acting "under color of state law." *Graham*, 473 U.S. at 165, 105 S.Ct. at 3105, 87 L.Ed.2d at 121.

For example, a personal-capacity suit would be brought against a police officer who exceeds the scope of a search warrant. Although he would have been acting in his capacity as a law-enforcement officer, and therefore "under color of state law", he would not be carrying out the policy of the state police when he conducted a warrantless search.

Accordingly, we conclude that it is not appropriate to dismiss the claims against the named individuals in this case. The

---

**39.** Motion to Dismiss at pages 33, 38 and 40.

**40.** Motion to Dismiss at page 34.

language used by plaintiffs does not conclusively demonstrate, as defendants allege, that the defendants are being sued in their official capacity. As the United States Supreme Court has recognized, Complaints are often ambiguous as to whether an official is being sued personally or in his official capacity. In such instances, further proceedings will generally elucidate the nature of the suit. *Graham,* 473 U.S. at 167, 105 S.Ct. at 3106, 87 L.Ed.2d at 122.

### Standing

■ Next we consider defendants' motion to dismiss plaintiffs Toby Klump and Leigh Klump from this suit. We note first that Counts I through VIII name Christopher Klump as the sole claimant. Counts IX and X, for negligence and punitive damages, respectively, name all plaintiffs as claimants.

Defendants argue that because plaintiff Christopher Klump is an adult, his parents have no standing to assert his substantive rights against defendants.[41] They are not attempting to do so. Rather, Toby Klump and Leigh Klump are asserting their own substantive rights as owners of Christopher's cell phone and as subscribers to that phone's T–Mobile service network.[42] Accordingly, we deny defendants' motion to dismiss the claims of plaintiffs Toby Klump and Leigh Klump from the First Amended Complaint.

### Striking Statutory References

Last, we address defendants' request that we strike plaintiffs' allegations of violation of 18 Pa.C.S.A. §§ 3926(b), 4120 and 5301 from the First Amended Complaint. We agree with defendants that no factual basis has been plead for these alleged violations. Further, we note that none of the ten counts in plaintiffs' First Amended Complaint refers to these statutes. Ac-

cordingly, we grant defendants' request to strike mention of these statutes from paragraph 20 of the First Amended Complaint.

### CONCLUSION

For all of the foregoing reasons, we grant in part and deny in part defendants' motion to dismiss. Specifically, we dismiss Counts I and V of plaintiffs' First Amended Complaint in their entirety. We also dismiss defendant Nazareth Area School District from Counts II, III and X. In addition, we dismiss plaintiffs' claim for compensatory and punitive damages from Count VII. We strike all references to 18 Pa.C.S.A. §§ 3926(b), 4120 and 5301 from paragraph 20 of the First Amended Complaint.

In all other respects, defendants' motion to dismiss is denied. Accordingly, remaining in this lawsuit are the following claims:

(1) in Count II, the claim of plaintiff Christopher Klump against defendants Grube and Kocher for unlawful access to stored voice mail and text message communications;

(2) in Count III, the claim of plaintiff Christopher Klump against defendants Lesky, Grube and Kocher for invasion of privacy and false light;

(3) in Count IV the claim of plaintiff Christopher Klump against defendant Lesky for defamation and slander per se;

(4) in Count VI, the claim of plaintiff Christopher Klump against defendants Grube and Kocher for violation of his Fourth Amendment rights;

(5) in Count VII, the claim of plaintiff Christopher Klump against defendants school district, Lesky, Grube

---

**41.** Motion to Dismiss at page 38.

**42.** See First Amended Complaint, paragraph 9.

646

and Kocher for violation of his rights under Article I, Section 8 of the Pennsylvania Constitution;

(6) in Count VIII the claim of plaintiff Christopher Klump against the school district for violation of his Fourth Amendment rights;

(7) in Count IX, the pendent state claim of plaintiffs Toby Klump, Leigh Klump and Christopher Klump against defendant school district for negligence; and

(8) in Count X, the claim of plaintiffs Toby Klump, Leigh Klump and Christopher Klump against defendants Lesky, Grube and Kocher for punitive damages.

*ORDER*

NOW, this 30th day of March, 2006, upon consideration of Defendants Nazareth Area School District, Victor J. Lesky, Margaret Grube, and Kimberly Kocher's Motion to Dismiss, which motion was filed April 18, 2005; upon consideration of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint, which memorandum was filed April 28, 2005; upon consideration of Defendants' Reply Brief in Support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, which reply brief was filed February 17, 2006; upon consideration of First Amended Complaint, filed March 31, 2005; and for the reasons expressed in the accompanying Memorandum;

*IT IS ORDERED* that defendants' motion to dismiss is granted in part and denied in part.

*IT IS FURTHER ORDERED* that Counts I and V of plaintiffs' First Amended Complaint are dismissed.

*IT IS FURTHER ORDERED* that all claims against defendant Nazareth Area School District are dismissed from Counts II, III, and X of plaintiffs' First Amended Complaint.

*IT IS FURTHER ORDERED* that plaintiffs' claims for compensatory and punitive damages are dismissed from Count VII of plaintiffs' First Amended Complaint.

*IT IS FURTHER ORDERED* that references to 18 Pa.C.S.A. §§ 3926(b), 4120 and 5301 are stricken from paragraph 20 of the First Amended Complaint.

*IT IS FURTHER ORDERED* that in all other respects defendants' motion to dismiss is denied.